# JUAN V. MORCIGLIO

*v.*

# SOUTH PORTO RICO SUGAR COMPANY.

San Juan, Law, No. 1318.

PILOTAGE FEES.

Pilotage—Local Charges.

1. Pilotage is a part of interstate or foreign commerce, but local charges have been permitted by Federal legislation in the case of services actually rendered or tendered.

Pilotage—Other Pilots.

2. If it is not clear from the complaint that another pilot was not employed, the suit fails.

Pilotage—Refused Services.

3. Under the Porto Rican law a ship is liable if the services of a pilot are refused; but the refusal must be shown in the complaint.

Foreign Pilotage—Right of a Territory.

4. The question is left undecided whether Porto Rico under the Federal system has the right to impose pilotage upon vessels engaged in foreign commerce.

Opinion filed July 20, 1920.

*Mr. J. A. Poventud* for plaintiff.

*Mr. O. B. Frazer* for defendant.

NOTES.—On liability of vessel for refusal to accept service of pilot tendered, see note in 39 L.R.A. 187.

On power to impose penalty, for refusal to take pilot, for benefit of private individual or corporation, see note in 13 A.L.R. 835.

Morciglio v. South Porto Rico Sugar Co.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case filed in the local court seeks to enforce against the charter of vessels the right to pilotage fees. The complaint alleges that the plaintiff is one of the two local pilots at Guanica and that he claims under the Law of Ports and Regulations of Porto Rico, and that the defendant and its predecessor have had ships coming to Guanica loaded with cane since May 21, 1917, to May 31, 1919, whose pilotage fees would amount to $15,128.50, of which plaintiff claims half as being one of the two pilots for that port. To this a demurrer was filed on several grounds.

1. The complaint does not allege the performance of services or tender of them for any of the ships in question. Pilotage is a part of interstate or foreign commerce, but by uniform practice since the first Congress local charges have been permitted by Federal legislation with amendments by Acts of 1852 and 1866. Anderson v. Pacific Coast S. S. Co. 225 U. S. 187, 56 L. ed. 1047, 32 Sup. Ct. Rep. 626. This has never been changed except in certain particulars not now important. For more than sixty years this was acted upon by the States, and systems created and modified during that period. Cooley v. Port Wardens, 12 How. 299, 321, 13 L. ed. 996, 1005. Rev. Stat. §§ 4401 and 4444, Comp. Stat. §§ 8153, 8206, 9 Fed. Stat. Anno. 2d ed. p. 420, 7 Fed. Stat. Anno. 2d ed. p. 1248, do not define what is pilotage, but there would seem to be no doubt that it must consist in some service rendered or offered to the vessel. It is enforced by a maritime lien, and there can be no lien except for what affects the vessel while in navigation. It

would seem, therefore, that the first ground of demurrer is well taken.

2. The grounds of demurrer numbered 2 and 4 raise the point whether plaintiff is entitled to recover pilotage fees if the ships concerned employed a competent pilot. The complaint does not allege that the ship in question did not have a pilot. It seems from the complaint that there were two pilots at Guanica, and there is nothing to show that the other did not act in all necessary cases. It is true that the complaint says that the other pilot also acted as harbor master, but it does not show that he did not also act as pilot. In point of fact the complaint alleges that he was a pilot. It does not appear that if the ships employed a pilot they were guilty of any breach of law in not employing the plaintiff. Non constat that they employed the other pilot.

3. The third ground of demurrer raises the question whether the plaintiff has a right of recovery against any one except the ships themselves. There are only three classes of causes of action recognized by law. One is for contract, which ex hypothesi does not apply in this case. Another is tort which certainly does not apply to the case, because the defendants committed no violence and were not guilty of negligence in regard to the plaintiff. The third kind of cause of action is where a duty is imposed by law, which would be the only head possible in the case at bar. The maritime law imposes liability upon a ship for not employing a pilot when injury results. The Porto Rican law, as quoted, says nothing about liability of charterers or anyone except the ships. It is alleged that it provides that if the services of a pilot are refused by a ship the ship shall nevertheless pay the pilot for such refused services.

Morciglio v. South Porto Rico Sugar Co.

In the case at bar, however, there is neither any showing that services were refused nor, in particular, any showing that such payment was incumbent upon the charterers of the ships. Pilot Regulations, § 25, Compilation of Rev. Stat., etc., P. R. 117.

4. There is another question not raised by the pleadings and argument, and therefore not necessary to be decided, but which should be stated in order that it may not be considered as covered by this case. The vessels in question are shown by the complaint to have been plying between Guanica and Santo Domingo, a foreign country. It is not clear that the local pilotage laws of Porto Rico can cover such a case. A state can establish a compulsory system of pilotage as to vessels coming from sea to land ports and vessels going from inland ports to sea. Thompson v. Darden, 198 U. S. 310, 49 L. ed. 1061, 25 Sup. Ct. Rep. 660. The case in its present shape does not call for decision of the question how far Porto Rico, an unincorporated territory of the United States, has the powers in this behalf recognized as existing in a state of the American Union.

It seems unnecessary at present to pass upon the question raised by the motion to strike the oath to the answer in this case. The points raised and now settled on demurrer should first have attention.

The demurrer is therefore sustained.

It is so ordered.